EURÍPIDES QUIÑONES CORONADO, Petitioner and Appellant, *v.* DANIEL CORONADO, MAYOR OF MARICAO, ET AL., Respondents and Appellees.

No. 6753. Argued February 11, 1936.—Decided April 23, 1936.

*Américo Seda* for appellant. *B. Fernández García, Attorney General,* and *Angel C. Calderón, Assistant Attorney General,* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a mandamus proceeding instituted by a creditor for salaries against the Mayor and the Secretary-Auditor of

the Municipality of Maricao, wherein prayer was made that the court command the respondents to issue credit certificates for the amount of the debt.

After the writ was issued, the respondents demurred and answered. The court decided one of the grounds of the demurrer, the one for insufficiency of the petition, as follows:

"The question having been raised that the petition for mandamus is insufficient in that it does not appear from the averments thereof that the petitioner is a creditor as well as a debtor of the Municipality of Maricao on account of license fees, excises, or property taxes, and after an examination of section 1 of Act No. 8 of 1931, the said demurrer is hereby sustained and the petition is dismissed, without special imposition of costs."

The petitioner appealed, and in our opinion his appeal is well founded.

If the applicable law were section 1 of Act No. 8 of 1931, (Session Laws, p. 152), which provides that "the municipalities of Porto Rico are hereby authorized to issue credit certificates in payment of accounts *to creditors who owe* license fees, excises, or property taxes," the order appealed from should be affirmed.

But two years afterward, the Legislature amended section 2 of Act No. 8 of 1931 (Laws of 1933, p. 214), thus: "Every natural or artificial person who is the creditor of any municipality, for any reason, shall be entitled to obtain from the municipal auditor, and the latter shall be required to issue, with the approval of the mayor, a credit certificate or credit certificates covering the whole or a part of said credit. . ." (Act No. 15 of 1933.).

In *Hidalgo* v. *Duprey,* 48 P.R.R. 710, 715, this Supreme Court held that—

"It is desirable to state for the sake of clarity that section 2 of Act No. 8 of 1931 granted to every artificial person which was indebted to the Insular Treasury on account of taxes, or to any municipality on account of licenses, or excises, or for any other reason,

and which was also a creditor of said municipality, the right to obtain from the municipal auditor, with the approval of the mayor, a credit certificate, the amount of which should never be greater than the total amount of the license fee, excise, or tax owed by said person. The 1933 amendment seems not to require the mutual relationship of debtor and creditor, since the provisions which we have just cited have been eliminated, although the last words of the amended section lead to some confusion, for it is said therein that such credit certificates shall cancel in like amount the debt owed by the municipality to the person in favor of whom the certificate is issued. An indebtedness cannot be cancelled unless it has been paid, and a credit certificate is nothing more than a written acknowledgment of the obligation contracted by the municipality. However, whatever may be the construction to be given to this section, the fact is that, as amended, it grants to every creditor of a municipality the right to obtain a credit certificate, when he has fulfilled the requirements of said section.''

■ Although the order appealed from, according to its express terms, was not based on the provisions of section 85 of the Municipal Law of 1928 (Session Laws, p. 334), however, the appellees invoke the same in support of the said order, to wit: "That whenever a municipality has not sufficient funds fully to pay the salaries of its officers and employees, the funds available shall be distributed among such officers and employees in proportion to their respective salaries."

This question was also considered in the aforesaid case of *Hidalgo* v. *Duprey, supra,* and disposed of as follows:

"Section 2 of Act No. 8 of 1931, as amended in 1933, establishes no distinctions. That act imposes on the municipal auditor the duty of issuing, with the approval of the mayor, a credit certificate or certificates to every natural or artificial person who is a creditor of the municipality, regardless of the character of such credit. There is no reason whatever to exclude any municipal employees or officers who are creditors of the municipality from the effects of such a provision as this, which covers all creditors without distinction.'' 48 P.R.R. 717.

It is clear that although certificates may be issued to an employee on account of unpaid salaries, the same shall not be paid by the municipality in cash but pursuant to the provision in section 85 of the Municipal Law. The fact that section 3 of Act No. 8 of 1931, as amended in 1932 (Session Laws, p. 532), provides that "these certificates . . . may be delivered to the collector of internal revenue or to the municipal treasurer in payment of taxes, license fees, or excises owed, and shall be received as money," is not wholly contrary to the above-cited provision of section 85 of the Municipal Law, for even though by virtue of the issuance of the certificate an employee collects his salary prior to all others whenever the municipality lacks funds to pay all the salaries in due time, the certificate can only be used in advance, in its full value as money, for the payment of taxes, license fees, and excises.

We are not saying that such a procedure might not perhaps affect in some cases the rule of proportional division established in section 85 of the Municipal Law, but even if this were so, effect must be given to the general provision contained in the 1933 amendment, which is the last expression of the legislative will, especially taking into consideration that, as the trial judge said in *Hidalgo* v. *Duprey, supra,* " 'the act governing the issuance of credit certificates was an emergency measure for the purpose of making it easier for municipal employees and creditors to obtain evidence of their respective claims in order to facilitate their negotiation, thus making it possible for the municipal machinery to function during the world depression, acutely felt in Puerto Rico as a result of the hurricanes which devastated the island in 1928 and 1932 . . .' " 48 P.R.R. 716.

In virtue of all the foregoing, the order appealed from must be reversed and the case remanded to the lower court for further proceedings in accordance with the law.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.